**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. **12-20901** CR-ALTONAGA

18 U.S.C. §1349
18 U.S.C. §1343
18 U.S.C. §1031
18 U.S.C. §1001(3)
18 U.S.C. §1956(h)
18 U.S.C. §981(a)(1)(C)
18 U.S.C. §982(a)
18 U.S.C. §2

MAGISTRATE JUDGE
SIMONTON

UNITED STATES OF AMERICA

vs.

CLAUDIO ELEAZAR OSORIO,
   a/k/a "Claudio Osorio Rodriguez," and
CRAIG STANLEY TOLL,

                    Defendants.
_____/



FILED by _____ D.C.

DEC 0 6 2012

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times material to this Indictment:

1.      Innovida Holdings, LLC, formerly known as COEG, LLC, was a Florida limited

liability company, incorporated on or about March 21, 2006, with its principal place of business

located at  560 Lincoln Road, Suite 303, Miami Beach, Florida, in the Southern District of Florida.

Innovida Holdings, LLC was the parent company of numerous subsidiary companies, including but

not limited to, Innovida Holdings Inc., Innovida US, LLC, Innovida Services Inc., Innovida Factories

Ltd., Innovida Innorez Ltd., Innovida Southeast LLC, Innovida Germany GmbH, Innovida MRD,

LLC, Innovida Southeast Construction, LLC, Innovida Cyprus, Innovida Research and Development SRO and InnoREZ Gmbh, (collectively referred to as "Innovida").

2.       Innovida manufactured fiber composite panels for the construction industry to be used in the construction of residential, commercial, governmental, and other structures without the need for cement, steel or wood. Innovida purportedly was a rapidly expanding and financially strong international operation with facilities located in the United States, the United Arab Emirates, Germany, Angola, Tanzania, and other countries around the world.

3.       **CLAUDIO ELEAZAR OSORIO, a/k/a "Claudio Eleazar Osorio"** resided in Miami-Dade County, Florida, and was the president, owner and majority shareholder of Innovida.

4.       **CRAIG STANLEY TOLL** resided in Broward County, Florida, and was a licensed CPA and the Chief Financial Officer of Innovida.

5.       Miami Worldwide Partners, Inc. ("MWWP") was incorporated in the State of Florida on or about March 20, 2000, and its address was listed as 25 Southeast 2nd Avenue, Suite 1025, Miami, Florida 33131. **CLAUDIO ELEAZAR OSORIO** was the president of MWWP.

6.       Innovida maintained bank account number xxxxxxxx8744 at Wachovia Bank in the Southern District of Florida. **CLAUDIO ELEAZAR OSORIO** was an authorized signor on this account.

7.       Innovida maintained bank account number xxxxxxxx4270 at Wachovia Bank in the Southern District of Florida. **CLAUDIO ELEAZAR OSORIO** was an authorized signor on this account.

8.     MWWP maintained bank account number xxxxxxxx2523 at Wachovia Bank in the Southern District of Florida. **CLAUDIO ELEAZAR OSORIO** was an authorized signor on this account.

9.     The Overseas Private Investment Corporation ("OPIC") was an agency of the United States government and supported investments by the United States government in emerging markets worldwide to foster the development and growth of free markets.

## COUNT 1
### CONSPIRACY TO COMMIT WIRE FRAUD
### (18 U.S.C. §1349)

1.     Paragraphs 1 through 8 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     From in or around March 2007, through in or around March 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CLAUDIO ELEAZAR OSORIO,**
**a/k/a "Claudio Osorio Rodriguez,"**
**and**
**CRAIG STANLEY TOLL,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to knowingly and with intent to defraud devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and knowingly transmit and cause to be transmitted certain wire communications in interstate and foreign

commerce, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the defendants and their coconspirators to unlawfully enrich themselves by soliciting and recruiting investors to invest in Innovida by making materially false and fraudulent representations, and concealing and omitting to state material facts concerning, among other things, the profitability of the company, the rates of return on investment funds,  the use of investor funds and a pending lucrative contract with a third-party entity.  It was further the purpose of the conspiracy for the defendants to divert investor proceeds for their own and their coconspirators' use to further the fraud scheme.

## MANNER AND MEANS OF THE CONSPIRACY

The  manner  and  means  by  which  the  defendants  and  their  coconspirators  sought  to accomplish the object and purpose of the conspiracy included, among other things, the following:

4.      **CLAUDIO  ELEAZAR  OSORIO** and  an  unindicted  coconspirator  solicited prospective investors to invest in Innovida through in-person meetings, political events, and referrals from other individuals.  Prospective investors were offered the option of either investing in the parent company or entering into joint-venture partnerships to build specific Innovida factories in various domestic and international locations. **OSORIO** falsely and fraudulently represented that the joint venture partnership would be a fifty/fifty equity split between Innovida and the investor;  that Innovida would manufacture, ship, and install the factory equipment within six to nine months; and that Innovida would train the appropriate personnel in the host countries to operate the factories.  The concept was called a "factory in a box."

4

5.      In order to induce investors to invest in Innovida, **CLAUDIO ELEAZAR OSORIO**, **CRAIG STANLEY TOLL** and an unindicted coconspirator made numerous materially false and fraudulent statements and concealed and omitted to state, and caused others to conceal and omit to state, material facts to investors, including among others, the following:

### Materially False and Misleading Statements

a.      That investors would receive interest payments of 6% to 10% annually;

b.      That the principal on investments would be fully refundable upon demand;

c.      That Innovida was financially sound and was extremely profitable;

d.      That Innovida had finalized an agreement with a third-party entity which had agreed to purchase a large portion of Innovida stock and that a closing on the deal was imminent; and

e.      That OSORIO was a "$1" CEO.

### Omissions and Concealment of Material Facts

f.      That Innovida was not financially sound and profitable, and did not generate sufficient profits between 2007 and 2011 to pay annual returns or interest as promised to investors;

g.      That newly collected investor money was being used to pay annual returns or interest payments promised to investors and to repay investors' principal in order to create the false and fraudulent impression that Innovida was successful and profitable;

h.      That there was no pending lucrative deal with a third party entity to purchase Innovida; and

     i.     That investors' money was being misappropriated to pay the personal expenses of **OSORIO** and a coconspirator.

6.     To perpetrate the scheme, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL**, directly and indirectly, disseminated and caused to be disseminated to investors materially false and fraudulent financial statements and other documents, reflecting that the company had substantial profits and cash reserves on hand. Investors interested in purchasing the shareholder interests or the joint-venture partnership interests were required to sign various contracts, promissory notes, and other agreements and to return those documents to Innovida via e-mail and/or via an overnight commercial carrier service. Thereafter, the defendants and their coconspirators caused investors to deposit their monies via interstate wire transfers and checks deposited into bank accounts controlled by **OSORIO** and a coconspirator.

7.     Between in or about March 2007 through in or about March 2011, **CLAUDIO ELEAZAR OSORIO** offered and sold shareholder interests and joint-venture partnerships to select individuals and groups, and falsely and fraudulently raised more than $40,000,000 from approximately ten (10) investors and investment groups located in the United States and other countries.

8.     After receiving investors' monies, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** completed numerous interstate and foreign wire transfers of funds between various Innovida bank accounts. Ultimately, a substantial portion of the funds were transferred into other business and personal bank accounts controlled by **OSORIO** and an unindicted coconspirator to be used for their personal use and benefit.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-9**
**WIRE FRAUD**
**(18 U.S.C. § 1343)**

1.      Paragraphs 1 through 8 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around March 2007, and continuing through in or around March 2011, in Miami-Dade and County, in the Southern District of Florida, and elsewhere, the defendants,

**CLAUDIO ELEAZAR OSORIO,**
**a/k/a "Claudio Osorio Rodriguez,"**
**and**
**CRAIG STANLEY TOLL,**

did knowingly and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures or sounds, for the purpose of executing the scheme and artifice.

**PURPOSE OF THE SCHEME AND ARTIFICE**

3.      It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by soliciting and recruiting investors to invest in Innovida by making materially false and fraudulent representations, and concealing and omitting to state material facts concerning, among other things, the profitability of the company, rates of return on investment funds, the use of investor funds and a pending lucrative contract with a third-party entity.  It was

7

further the purpose of the scheme and artifice for the defendants to divert investor proceeds for their own and their coconspirators' use and to further the fraud scheme.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4.     Paragraphs 4 through 8 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF THE WIRES

5.     On or about the dates enumerated as to each Count below, the defendants **CLAUDIO OSORIO RODRIGUEZ, a/k/a "Claudio Osorio Rodriguez"** and **CRAIG STANLEY TOLL,** for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of wire communication certain writings, signs, signals, pictures, and sounds, as more particularly described below:

| Count | Approximate Date | Description of Wire Communication |
|:-----:|:----------------:|-----------------------------------|
| 2 | March 24, 2008 | Wire transfer in the amount of $978,000 from H.E.'s Charles Schwab account xxxx2195 in San Francisco, California, to Innovida's Wachovia Bank account xxxxxxxx4270 in the Southern District of Florida |
| 3 | February 12, 2009 | Wire transfer in the amount of $2,250,000 from R.F.'s Signature Bank account xxxxxxx5573 in New York, New York, to Innovida's Wachovia Bank account xxxxxxxx4270 in the Southern District of Florida |

| Count | Approximate Date | Description of Wire Communication |
|---|---|---|
| 4 | May 5, 2009 | Wire transfer in the amount of $100,000 from H.W.'s Citibank bank account xxxxxx3912 in New York, New York, to Innovida's Wachovia Bank account xxxxxxxx4270 in the Southern District of Florida |
| 5 | August 28, 2009 | Wire transfer in the amount of $1,000,000 from C.B.'s Charles Schwab account xxxx9458 in San Francisco, California to Innovida's Wachovia Bank account xxxxxxxx4270 in the Southern District of Florida |
| 6 | October 19, 2009 | Wire transfer in the amount of $1,000,000 from H.W.'s Citibank account xxxxxx3912 in New York, New York, to Innovida's Wachovia Bank account xxxxxxxx4270 in the Southern District of Florida |
| 7 | November 2, 2009 | Wire transfer in the amount of $1,500,000 from R.F.'s Signature Bank account xxxxxx7972 in New York, New York, to Innovida's Wachovia Bank account xxxxxxxx4270 in the Southern District of Florida |
| 8 | March 31, 2010 | Wire transfer in the amount of $1,000,000 from C.K.'s Wachovia Bank account xxxxxxxx3856 in Jacksonville, Florida, through Wachovia Bank's processing center in Winston Salem, North Carolina, to Innovida's Wachovia Bank account xxxxxxxx8744 in the Southern District of Florida |
| 9 | March 31, 2010 | Wire transfer in the amount of $2,000,000 from C.K.'s Wachovia Bank account xxxxxxxx3856 in Jacksonville, Florida, through Wachovia Bank's processing center in Winston Salem, North Carolina, to Innovida's Wachovia Bank account xxxxxxxx8744 in the Southern District of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 10
## CONSPIRACY TO COMMIT WIRE FRAUD
### (18 U.S.C. §1349)

1.      Paragraphs 1 through 9 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

9

2.      From in or around January 2010, through in or around March 2011, in Miami-Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**CLAUDIO ELEAZAR OSORIO,**
**a/k/a "Claudio Osorio Rodriguez,"**
**and**
**CRAIG STANLEY TOLL,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine,

conspire, confederate and agree with each other and with others known and unknown to the Grand

Jury, to knowingly and with the intent to defraud devise, and intend to devise, a scheme and artifice

to defraud and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, knowing that they were false and fraudulent when made, and

knowingly transmit and cause to be transmitted certain wire communications in interstate and foreign

commerce, for the purpose of executing the scheme, in violation of Title 18, United States Code,

Section 1343.

**PURPOSE OF THE CONSPIRACY**

3.      It was the purpose of the conspiracy for the defendants and their coconspirators to

unlawfully enrich themselves by applying for and obtaining a loan from OPIC, a United States

government agency, by making materially false and fraudulent representations, and concealing and

omitting to state material facts concerning, among other things, the profitability of Innovida, the use

of loan proceeds, an equity contribution to be made by Innovida, and contracts which Innovida

purportedly had obtained with third-party vendors. It was further the purpose of the conspiracy for

the defendants to divert the loan proceeds for their own and their coconspirators' use and to further

the fraud scheme.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their coconspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

4.      On or about January 20, 2010, **CRAIG STANLEY TOLL** submitted and caused to be submitted an on-line false and fraudulent application on behalf of Innovida seeking to borrow $10,000,000 from OPIC, purportedly to build a manufacturing facility and 500 homes in Haiti (The "Haiti Project").

5.      On or about March 10, 2010, **CLAUDIO ELEAZAR OSORIO** executed a loan agreement with OPIC whereby OPIC agreed to lend $10,000,000 to Innovida Holdings LLC, and Innovida Innorez, Ltd. (the Project Company) to execute the Haiti Project.  The agreement provided that the loan proceeds were to be applied exclusively for the Haiti Project.  The loan agreement further defined the project as "the development, construction and operation of a manufacturing facility to be owned and operated by the Project Company dedicated to the production of composite structural panels to be used for rapid deployment, energy efficient homes and other structures in the Project Country along with, in a manner and amount satisfactory to the Overseas Private Investment Corporation, the purchase of structural panels from an affiliate of the Parent Company and delivery of such panels for rapid deployment in the Project Country to provide housing for displaced families."  The agreement further provided that Innovida was required to contribute approximately $5,000,000 in cash and/or assets satisfactory to OPIC as equity in the project.

8.      On or about March 17, 2010, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** submitted and caused to be submitted to OPIC a request to disburse $5,000,000 of the $10,000,000 loan proceeds.

9.     On or about April 23, 2010, **CRAIG STANLEY TOLL** sent and caused to be sent to OPIC a financial statement for Innovida which falsely and fraudulently reflected that the company was operating at a profit.

10.     On or about April 26, 2010, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** submitted and caused to be submitted to OPIC a revised request to have OPIC disburse $3,300,000 of the $10,000,000 loan proceeds via wire transfers to Wachovia Bank account number xxxxxxxx8744.

11.     Pursuant to the revised request for disbursement, on or about April 28, 2010, OPIC wired $3,200,000 to Innovida's bank account number xxxxxxxx8744 at Wachovia Bank in the Southern District of Florida.

12.     On or about May 3, 2010, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** caused  $1,500,000 to be wired from Innovida's Wachovia bank account number xxxxxxxx8744 to its Wachovia bank account number xxxxxxxx4270 to repay a portion of investor R.F.'s investment.

13.     On or about May 3, 2010, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** caused $201,900 to be wired from Innovida's Wachovia bank account number xxxxxxxx8744 to its Wachovia bank account number xxxxxxxx4270 to repay a portion of investor A.R.'s investment.

14.     On or about May 13, 2010, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** caused $250,000 to be wired from Innovida's Wachovia bank account number xxxxxxxx8744 to its Wachovia bank account number xxxxxxxx4270. Of that amount, $25,000 was

used to pay investor B.C. and $125,000 was transferred to MWWP's Wachovia bank account xxxxxx2523 for **OSORIO's** and a coconspirator's personal use and benefit.

15.     On or about July 6, 2010, **CLAUDIO ELEAZAR OSORIO, CRAIG STANLEY TOLL** and a coconspirator caused $75,833.33 to be wired from Innovida's Wachovia bank account number xxxxxxxx8744 to its Wachovia bank account number xxxxxxxx4270 to make an interest payment to investor D.H.

16.     On or about August 4, 2010, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** submitted and caused to be submitted a second request to OPIC for the disbursement of $6,700,000. In support of this request, **TOLL** falsely and fraudulently represented that the first disbursement of the loan proceeds was used to purchase equipment and supplies.

17.     On or about August 4, 2010, in support of the second request for disbursement, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** caused a copy of an email to be sent to OPIC which falsely and fraudulently represented that a charitable organization had awarded Innovida a lucrative contract to construct 10,000 transitional shelters in Haiti.

18.     On or about August 12, 2010, further in support of the second request for disbursement, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** caused a copy of an email to be sent to OPIC which falsely and fraudulently represented that a contract for $3,200,000 million dollars had been awarded to Innovida to build a school and homes in Haiti.

19.     On or about September 3, 2010, further in support of the second request for disbursement, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** caused a copy of a document to be sent to OPIC which falsely and fraudulently represented that a deposit of

$2,500,000 had been made into Wachovia bank account xxxxxx8744, purportedly representing a portion of Innovida's equity contribution to the Haiti Project.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 11- 17
### WIRE FRAUD
### (18 U.S.C. § 1343)

1.      Paragraphs 1 through 9 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around January 2010, and continuing through in or around March 2011, in Miami-Dade and County, in the Southern District of Florida, and elsewhere, the defendants,

**CLAUDIO ELEAZAR OSORIO,**
**a/k/a "Claudio Osorio Rodriguez,"**
**and**
**CRAIG STANLEY TOLL,**

did knowingly and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures or sounds, for the purpose of executing the scheme and artifice.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendants and their coconspirators to unlawfully enrich themselves by applying for and obtaining a loan from OPIC, a United States government agency, by making materially false and fraudulent representations, and

concealing and omitting to state material facts concerning, among other things, the profitability of the company, the use of loan proceeds, an equity contribution to be made by Innovida, and contracts which Innovida purportedly had with third-party vendors. It was further the purpose of the scheme and artifice for the defendants to divert the loan proceeds for their own and their coconspirators' use and to further the fraud scheme.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4.        Paragraphs 4 through 19 of the Manner and Means section of Count 10 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF THE WIRES

5.        On or about the dates enumerated as to each Count below, the defendants **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL**, for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of wire communication certain writings, signs, signals, pictures, and sounds, as more particularly described below:

| Count | Approximate Date | Description of Wire Communication |
|-------|------------------|-----------------------------------|
| 11 | January 20, 2010 | On-line loan application for $10,000,000 sent from Miami Beach, Florida, to OPIC in Washington, D.C. |
| 12 | January 29, 2010 | Email sent from Miami Beach, Florida, to OPIC in Washington, D.C., attaching a copy of the executed commitment letter between OPIC and Innovida Holdings LLC |

| Count | Approximate Date | Description of Wire Communication |
|-------|------------------|-----------------------------------|
| 13 | March 10, 2010 | Email sent from Miami Beach, Florida, to OPIC in Washington, D.C., attaching a copy of the executed signature page to the loan agreement between OPIC and Innovida Holdings LLC and Innovida Innorez Ltd. |
| 14 | April 28, 2010 | Wire transfer in the amount of $3,2000,000 from OPIC's U.S.Treasury bank account xxxx0001 in Washington, D.C., to Innovida's Wachovia bank account xxxxxxxx8744 in the Southern District of Florida |
| 15 | August 5, 2010 | Email sent from Miami, Florida, to OPIC in Washington, D.C. requesting a second disbursement of loan proceeds in the amount of $6,700,000 from OPIC |
| 16 | September 23, 2010 | Email sent from Miami Beach, Florida, to OPIC in Washington, D.C., attaching a copy of a document entitled "OPIC and Innovida Haiti Project" |
| 17 | October 5, 2010 | Email sent from Miami Beach, Florida, to OPIC in Washington, D.C., attaching a copy of a document entitled "Progress Report on Haiti Project for the Quarter Ended September 30, 2010." |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 18
## MAJOR FRAUD AGAINST THE UNITED STATES
### (18 U.S.C. §§ 1031(a) and 2)

1.      Paragraphs 1 through 9 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around January 2010, and continuing through in or around March 2011, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**CLAUDIO ELEAZAR OSORIO,**
**a/k/a "Claudio Osorio Rodriguez,"**
**and**
**CRAIG STANLEY TOLL,**

in a loan from the United States, where the amount of the loan was $1,000,000 or more, did

16

knowingly execute and attempt to execute a scheme and artifice with the intent:

(a)     to defraud the United States; and

(b)     to obtain money and property by means of materially false and fraudulent

pretenses, representations and promises.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.     It was the purpose of the scheme and artifice for the defendants and their coconspirators to unlawfully enrich themselves by applying for and obtaining a loan from OPIC, a United States government agency, by making materially false and fraudulent representations, and concealing and omitting to state material facts concerning, among other things, the profitability of the company, the use of loan proceeds, an equity contribution to be made by Innovida, and contracts which Innovida purportedly had with third-party vendors.  It was further the purpose of the scheme and artifice for the defendants and their coconspirators to divert the loan proceeds for their own use and to further the fraud scheme.

## THE SCHEME AND ARTIFICE

4.     Paragraphs 4 through 19 of the Manner and Means section of Count 10 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## ACT IN EXECUTION OF THE SCHEME AND ARTIFICE

5.     On or about August 5, 2010, in Miami-Dade County, in the Southern District of Florida, defendants **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** did knowingly execute and attempt to execute the scheme and artifice, with the intent to defraud the United States of America and to obtain money and property by means of false and fraudulent

17

pretenses, representations, or promises to wit: sending an email from Miami, Florida, to OPIC in

Washington, D.C., requesting a second disbursement of funds in the amount of $6,700,000.

In violation of Title18, United States Code, Sections 1031(a) and 2.

## COUNT 19
## FALSE STATEMENTS
## (18 U.S.C. § 1001(a)(3))

On or about August 4, 2010, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendants,

**CLAUDIO ELEAZAR OSORIO,**
**a/k/a "Claudio Osorio Rodriguez,"**
**and**
**CRAIG STANLEY TOLL,**

in a matter within the jurisdiction of the executive branch of the Government of the United States,

specifically, the Overseas Private Investment Corporation, an agency of the United States, did

knowingly and willfully make and use, and cause to be made and used, any false writing and

document, knowing the same to contain any  materially false, fictitious, and fraudulent statement,

that is, the defendants submitted and caused to be submitted a materially false, fictitious, and

fraudulent  document which purported to be an email from a non-profit organization representing

that the organization and Innovida had entered into a contract for the construction of 10,000 units

and shelters to be built in Haiti, when in truth and in fact, and as the defendants well knew, there was

no such contract.

In violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

## COUNT 20
### FALSE STATEMENTS
### (18 U.S.C. § 1001(a)(3))

On or about August 12, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### CLAUDIO ELEAZAR OSORIO,
### a/k/a "Claudio Osorio Rodriguez,"
### and
### CRAIG STANLEY TOLL,

in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, the Overseas Private Investment Corporation, an agency of the United States, did knowingly and willfully make and use, and cause to be made and used, any false writing and document, knowing the same to contain any materially false, fictitious, and fraudulent statement, that is, the defendants submitted and caused to be submitted a materially false, fictitious, and fraudulent document which purported to be an email from a third party company representing that the company had entered into a $3,200,000 contract with Innovida for the construction of a school and homes in Haiti when in truth and in fact, and as the defendants well knew, the terms and value of the contract was not $3,200,000.

In violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

## COUNT 21
### FALSE STATEMENTS
### (18 U.S.C. § 1001(a)(3))

On or about September 3, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CLAUDIO ELEAZAR OSORIO,**
**a/k/a "Claudio Osorio Rodriguez,"**
**and**
**CRAIG STANLEY TOLL,**

in a matter within the jurisdiction of the executive branch of the Government of the United States,

specifically, the Overseas Private Investment Corporation, an agency of the United States, did

knowingly and willfully make and use, and cause to be made and used, any false writing and

document, knowing the same to contain any materially false, fictitious, and fraudulent statement,

is, the defendants submitted and caused to be submitted a materially false, fictitious, and fraudulent

document which purported to reflect that on or about August 11, 2010, a deposit in the amount of

$2,500,000 was made into Wachovia Bank account xxxxxxx8744, which deposit was purported to

be a portion of Innovida's equity contribution to the project in Haiti, when in truth and in fact, and

as the defendants well knew, no such deposit had been made on that date.

In violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

## COUNT 22
## CONSPIRACY TO COMMIT MONEY LAUNDERING
## (18 U.S.C. § 1956(h))

From in or around January 2010, through in or around March 2011, in Miami-Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**CLAUDIO ELEAZAR OSORIO,**
**a/k/a "Claudio Osorio Rodriguez,"**
**and**
**CRAIG STANLEY TOLL,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with

others, known and unknown to the Grand Jury, to commit certain offenses under Title 18, United

States Code, Section 1957, namely, to knowingly engage in a monetary transaction affecting

interstate and foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE
### (18 U.S.C. §981(a)(1)(C) and 18 U.S.C. §982(a))

1.      The allegations of Counts 1 through 24 and Count 28 of this Indictment are re-alleged and incorporated fully herein by reference for the purpose of alleging forfeiture to the United States of America of certain property in which one or more of the defendants has an interest.

2.      Upon conviction of any violation of Title 18, United States Code, Sections 1349 and 1343, as alleged in Counts 1 through 9 of this  Indictment, defendants **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.      Upon conviction of any violation of Title 18, United States Code, Sections 1349 and 1343, as alleged in Counts 10 through 17 of this  Indictment, defendants **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(1)(C).

4.      Upon conviction of any violation of Title 18, United States Code, Section 1031(a) as alleged in Counts 18 through 24 of this  Indictment, defendants **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL** shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(3).

5.      Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in Count 28 of this Indictment, defendants, **CLAUDIO ELEAZAR OSORIO** and **CRAIG STANLEY TOLL,** shall forfeit to the United States any property real or personal, involved in such offense or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 982(a) and 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853 made applicable by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY

22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO. _____

vs.

CLAUDIO ELEAZAR OSORIO,                    **CERTIFICATE OF TRIAL ATTORNEY***
   a/k/a "Claudio Osorio Rodriguez," and
CRAIG STANLEY TOLL,

_____Defendants._____/

                                           **Superseding Case Information**

Court Division: (Select One)         New Defendant(s)          Yes _____   No  X
                                     Number of New Defendants        _____
  X   Miami  _____  Key West         Total number of counts          _____
_____ FTL    _____  WPB    _____ FTP

        I do hereby certify that:

        1.      I have carefully considered the allegations of the indictment, the number of defendants, the number of
                probable witnesses and the legal complexities of the Indictment/Information attached hereto.

        2.      I am aware that the information supplied on this statement will be relied upon by the Judges of this
                Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act,
                Title 28 U.S.C. Section 3161.

        3.      Interpreter:     (Yes or No)      No
                List language and/or direct _____

        4.      This case will take     21     days for the parties to try.

        5.      Please check appropriate category and type of offense listed below:

                (Check only one)                          (Check only one)

        I       0  to  5 days        _____           Petty        _____
        II      6  to 10 days        _____           Minor        _____
        III     11 to 20 days        _____           Misdem.      _____
        IV      21 to 60 days          X             Felony         X
        V       61 days and over     _____

        6.      Has this case been previously filed in this District Court? (Yes or No)      No
        If yes:
        Judge: _____        Case No. _____
        (Attach copy of dispositive order)
        Has a complaint been filed in this matter?          (Yes or No)      No
        If yes:
        Magistrate Case No. _____
        Related Miscellaneous numbers: _____
        Defendant(s) in federal custody as of _____
        Defendant(s) in state custody as of _____
        Rule 20 from the _____    District of _____

        Is this a potential death penalty case? (Yes or No)      No


        7.      Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior
                to  October 14, 2003?  _____  Yes     X    No

        8.      Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior
                to September 1, 2007?  _____  Yes     X    No

                                          _____
                                          LOIS FOSTER-STEERS
                                          ASSISTANT UNITED STATES ATTORNEY
                                          Florida Bar No./Court No.0480509

*Penalty Sheet(s) attached                                        REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:  CLAUDIO ELEAZAR OSORIO, a/k/a "Claudio Osorio Rodriguez"

**Case No:**

**Counts #: 1, 10**        Conspiracy to Commit Wire Fraud

18 U.S.C. § 1349

**\* Max. Penalty:**        20 years' imprisonment

**Counts #: 2-9, 11-17**  Wire Fraud

18 U.S.C. § 1343

**\*Max. Penalty:**        20 years' imprisonment

**Count   #: 18**        Major Fraud Against the United States

18 U.S.C. § 1031(a)

**\*Max. Penalty:**         10 years' imprisonment

**Counts #: 19-21**        Making False Statements

18 U.S.C. § 1001(3)

**\*Max. Penalty:**         5 years' imprisonment

**Counts #: 22**        Conspiracy to Commit Money Laundering

18 U.S.C. § 1956(h)

**\*Max. Penalty:**         20 years' imprisonment

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: CRAIG STANLEY TOLL

**Case No:**

**Counts #: 1, 10**       Conspiracy to Commit Wire Fraud

18 U.S.C. § 1349

**\* Max. Penalty:**      20 years' imprisonment

**Counts #: 2-9, 11-17**  Wire Fraud

18 U.S.C. § 1343

**\*Max. Penalty:**       20 years' imprisonment

**Count   #: 18**         Major Fraud Against the United States

18 U.S.C. § 1031(a)

**\*Max. Penalty:**        10 years' imprisonment

**Counts #: 19-21**       Making False Statements

18 U.S.C. § 1001(3)

**\*Max. Penalty:**        5 years' imprisonment

**Counts #: 22**          Conspiracy to Commit Money Laundering

18 U.S.C. § 1956(h)

**\*Max. Penalty:**        20 years' imprisonment

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**