UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO. 12-cr-20901-WPD

PLAINTIFF,

V.

CRAIG STANLEY TOLL,

DEFENDANT,
_____/

**SONEET R. KAPILA, AS TRUSTEE, AND MARK
MELAND'S, AS RECEIVER, JOINT MOTION TO QUASH OR
MODIFY CRAIG TOLL'S SUBPOENA DATED APRIL 2, 2013
AND INCORPORATED MEMORANDUM OF LAW**

Soneet R. Kapila, in his capacity as chapter 7 trustee ("*Trustee*") for the substantively consolidated bankruptcy estates of Claudio and Amarilis Osorio ("*Osorios*"), Innovida Holdings, LLC ("*Holdings*"), Innovida Services, Inc. ("*Services*"), Innovida Southeast, LLC ("*Southeast*"), and Innovida MRD, LLC ("*MRD*") (collectively, Holdings, Services, Southeast, and MRD are referred to as the "*Innovida Debtors*," and together with the Osorios, the "*Debtors*"), and Mark Meland, in his capacity as receiver for the Innovida Entities,[1] by and through undersigned counsel, request that this Court enter an Order Quashing or Modifying Craig Toll's subpoena dated April 2, 2013 and directed to "John Heller, Marcum, LLP" ("*Subpoena*").  In support:

---

[1] Excluding Holdings, the Innovida Entities are all subsidiaries of Holdings.  As described below, Services, Southeast and MRD were placed into bankruptcy while the remaining entities are part of the state court receivership.

1
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/3412/3412-1/01256364.DOCX.}

## FACTUAL BACKGROUND

1. On September 23, 2010, Chris Korge filed a lawsuit styled *Chris Korge v. Claudio Osorio, Amarilis Osorio, Craig Toll and Innovida Holdings, LLC*, Case No.: 10-51885-CA-32 in Miami-Dade Circuit Court ("**State Court Action**").

2. The amended complaint in the State Court Action alleged, among other things, that the Osorios and Mr. Toll engaged in a conspiracy to defraud Mr. Korge through the sale of stock in InnoVida.

3. After various discovery violations, Circuit Judge Valerie Manno Schurr, after notice and hearing, entered an order striking the defendants' pleadings, entering judgment in favor of Mr. Korge and against all the defendants ("**Order Striking Pleadings**"). The court also appointed Mr. Meland as receiver for the Innovida Entities (in such capacity, Mr. Meland is referred to as the "**Receiver**").

4. The Receiver retained Marcum, LLP as his accountant for among other reasons, to investigate actions taken by former management of the Innovida Entities, including Mr. Toll, in anticipation of bringing potential litigation claims.

5. The Osorios filed a voluntary petition under chapter 11 of the Bankruptcy Code on March 17, 2011.

6. Based upon his business judgment, on March 24, 2011, the Receiver decided to file voluntary chapter 11 petitions on behalf of the Innovida Debtors. Pursuant to an order entered in the bankruptcy court, Mr. Meland was appointed chapter 11 trustee for the Innovida Debtors (in such capacity, Mr. Meland is referred to as the "**Former Trustee**").

7. To perform his fiduciary obligations as chapter 11 trustee for the Innovida Debtors, the Former Trustee retained Marcum, LLP as his accountant in the bankruptcy proceedings.

8. On December 16, 2011, the bankruptcy court converted the Osorios' and the Innovida Debtors' cases to proceedings under chapter 7 of the Bankruptcy Code. On that same date, the Trustee was appointed chapter 7 trustee for the Innovida Debtors and the Osorios. Thereafter, the Trustee retained Kapila & Company as his accountants. Thereafter, the bankruptcy court substantively consolidated the bankruptcy estates of the Osorios with the Innovida Debtors.

9. Recently, the Trustee has filed over forty adversary proceedings against multiple defendants, including Mr. Toll (Adversary Case No. 13-01248-RAM).

10. Mr. Toll's criminal trial is currently set for Monday, April 8, 2013.

11. On March 28, 2013, Mr. Toll issued a trial subpoena to the Trustee. Since the issuance of this subpoena, the Trustee has produced or made available for inspection a tremendous amount of material and Mr. Toll has released the Trustee from the subpoena.

12. On April 2, 2013, Mr. Toll's counsel served the Subpoena.

## **RELIEF REQUESTED**

13. Pursuant to *Fed. R. Crim P.* 17(c)(2), the Trustee and Receiver request that this Court enter an Order modifying or quashing the Subpoena on a limited set of issues identified below.

14. As a preliminary matter, the Trustee and Receiver object to the Subpoena on the basis that it was served upon Mr. Heller and not Marcum, LLP. Furthermore, the Trustee and Receiver object to this request on the basis that insufficient time has been provided to

appropriately respond to this request and to assess the full extent of the work product doctrine or attorney-client privilege.

15. As to the requests themselves, the Subpoena seeks two categories of documents.

16. *First*, the Subpoena seeks "[a]ny and all work papers, indexes, analyses, reports, memoranda, notes and/or accountings relating to the Innovida entities, Craig Toll, Lewis Carness, Claudio Osorio, Amarilis Osorio, Machour Moukaddem and/or Elba Gamboa."

17. To the extent Mr. Toll seeks turnover of information subject to attorney-client privilege or the work product doctrine, the Trustee and Receiver request that the Court enter an Order quashing the Subpoena.[2] Any attempt to invade such confidence by Mr. Toll is inappropriate and unreasonable, particularly given the fact that the Trustee has sued over forty parties including Mr. Toll.

18. As for material not covered by privilege or the work-product doctrine, the Trustee and Receiver have identified three sub-categories of documents that may potentially be responsive to the request:

> a. **Copies of the Innovida Entities' original documents that were recovered from the Innovida entities' premises and are now in the possession of the Trustee**. The Trustee has made these documents available to Mr. Toll, and thus, the Trustee and Receiver object to re-producing these documents as it is duplicative and request that the Court enter an Order quashing the subpoena.
>
> b. **Analyses, memoranda or reports created by Marcum at the request of the Receiver and Former Trustee**. Putting aside materials under this category that may be subject to work product or attorney-client privilege, the Receiver and Trustee are amenable to producing a limited subset of documents under this category. Agents for the United States met with Marcum on March 27, 2013 and at this meeting, documents were made available by Marcum. The United States took from Marcum some of these documents and has not returned the original documents as of yet to Marcum. The Trustee and Receiver understand that the United States has provided copies of these documents to

---

[2] Among other things, Marcum was retained by the Receiver, after the Order Striking Pleadings was entered, to investigate actions taken by former management of the Innovida entities, including Mr. Toll, in anticipation of identifying and bringing litigation claims.

Mr. Toll.  With respect to documents furnished to the United States at this meeting but not copied, the Receiver and Trustee has made copies of these documents available to Mr. Toll.

      c.      **Computer workstations and images of computer workstations for former management level employees of the Innovida Entities**. Upon being retained by the Receiver, Marcum imaged computer workstations for management level employees of the Innovida Entities and took possession of the computer workstations.  The Receiver and Trustee do not know whether such workstations or images contain information that would be prohibited from production, including communications subject to attorney-client privilege by these persons or whether all proper persons have been notified that Mr. Toll is seeking information that may be prohibited from disclosure.  Currently, the Trustee is in possession of the workstations and Marcum is in the possession of the images and one workstation.  To the extent the Court directs the Trustee or Receiver to produce copies of the images, the Trustee and Receiver request that the Court enter an Order requiring Mr. Toll to pay all associated costs contemporaneous with any production.

19. *Second*, the Subpoena seeks "[a]ny and all electronically stored information and/or objects furnished to the United State of America, including the SEC, relating to the Innovida entities, Craig Toll, Lewis Carness, Claudio Osorio, Amarilis Osorio, Machour Moukaddem and/or Elba Gamboa."

20. As to this request, the Trustee and Receiver understand that the United States has made copies of documents provided to it by Marcum on March 27, 2013 to Mr. Toll. Additionally, as set forth above, the Receiver and Trustee will deliver copies of documents which were not copied by the United States but made available to it by Marcum at the meeting.

**[REMAINDER OF PLEADING INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Trustee and Receiver request that this Court enter an Order quashing or modifying the subpoena on the limited issues set forth above and grant such further relief this Court deems just and proper.

Dated: April 5, 2013.

                                         s/ Michael S. Budwick
                                        Michael S. Budwick, Esquire
                                        Florida Bar No. 938777
                                        mbudwick@melandrussin.com
                                        MELAND RUSSIN & BUDWICK, P.A.
                                        3200 Southeast Financial Center
                                        200 South Biscayne Boulevard
                                        Miami, Florida  33131
                                        Telephone: (305) 358-6363
                                        Telecopy: (305) 358-1221

                                        *Attorneys for Soneet R. Kapila and*
                                                *Mark S. Meland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                         s/ Michael S. Budwick
                                        Michael S. Budwick, Esquire